**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruben L. Garza,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro; et al.,<br><br>    Respondents. | No. CIV 07-2497-PHX-JAT (GEE)<br><br>**REPORT AND RECOMMENDATION** |

On December 5, 2007, Ruben L. Garza, an inmate confined in the Arizona State Prison Complex in Winslow, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. [doc. #1] He claims his sentence violates the Eighth Amendment, trial counsel failed to present certain facts at sentencing, and his sentence violates A.R.S. § 13-116. Before the court are the petition and the respondents' answer. Garza did not file a reply.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

//

//

Summary of the Case

Garza pleaded guilty in Maricopa County Superior Court to one count of second degree murder and one count of aggravated assault. (Respondents' answer, p. 2.) On July 26, 2005, the trial court sentenced Garza to consecutive terms of imprisonment of 12 years and 7.5 years respectively. *Id.*

On January 17, 2006, Garza filed a petition for post-conviction relief. (Respondents' answer, p. 3.) The trial court dismissed the petition as untimely. *Id.* The trial court denied Garza's motion for reconsideration on July 11, 2006. *Id.*

On May 17, 2007, Garza filed a notice of post-conviction relief. *Id.* On June 7, 2007, the trial court dismissed the notice as untimely and for failure to state a claim. (Respondents' answer, Exhibit K.) Garza filed a petition for review, which was denied as untimely by the court of appeals on September 4, 2007. *Id.*, Exhibit M.

On December 5, 2007, Garza filed the instant Petition for Writ of Habeas Corpus.[1] He claims his sentence violates the Eighth Amendment, trial counsel failed to present certain facts at sentencing, and his sentence violates A.R.S. § 13-116. In their answer, the respondents argue the petition is time-barred, and the issues are procedurally defaulted.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. A one-year limitation period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The limitation statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] The respondents concede that under the mailbox rule the filing date should be December 5, 2007 – the date Garza signed and deposited the petition in the prison mail system. (Respondents' answer, p. 4., n. 1.)

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

                       * * *

        (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, the limitation period was triggered when Garza's judgment became final. Garza was sentenced on July 26, 2005. He had 90 days to file notice of his Rule 32 of-right petition. Ariz.R.Crim.P. 32.4(a). He did not file a timely notice, so his judgment became final when the deadline passed – October 24, 2005. *See Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) ("AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."). The limitation period expired one year later on October 24, 2006. The instant petition was filed on December 5, 2007. It is time-barred.

Garza's two post-conviction relief proceedings were pending during this time, but they did not toll the limitation period because there were not timely filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) (An untimely petition for post-conviction relief is not "properly filed" and does not toll the limitation period under § 2244(d)(2).).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus. [#1] It is time-barred. The court does not reach the respondents' alternate argument regarding procedural default.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 13th day of October, 2009.

Glenda E. Edmonds
United States Magistrate Judge